E-FILED
Wednesday, 25 February, 2026 01:39:59 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| KRYSTAL BRADLEY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REVTRAK, INC.,<br><br>Defendant. | Case No: |

**DEFENDANT REVTRAK, INC.'S NOTICE OF REMOVAL**

Defendant RevTrak, Inc. ("RevTrak") hereby removes the above-entitled action from the Circuit Court of Morgan County, Illinois, where the above-entitled action was filed, to the United States District Court for the Central District of Illinois, Springfield Division, because this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA").[1] *See* 28 U.S.C. § 1332(d). In support of this Notice of Removal ("Notice"), RevTrak states as follows:

**BACKGROUND**

1. On January 21, 2026, Plaintiff Krystal Bradley ("Plaintiff") filed a Class Action Complaint (the "Complaint") against RevTrak in the Circuit Court of Morgan County, Illinois, styled as *Krystal Bradley v. RevTrak, Inc.*, Case No. 2026MR3 (the "State Action"). (*See* Class Action Complaint, attached hereto as Ex. A (hereinafter "Ex. A, Compl.")).

[1] By filing this Notice of Removal, RevTrak does not waive any defenses, including, but not limited to, defenses relating to personal jurisdiction or venue. Instead, RevTrak expressly reserves its right to assert all defenses available to it, including seeking transfer of this action to an appropriate venue.

2. On January 26, 2026, RevTrak was served with the Summons and the Complaint. In accordance with 28 U.S.C. § 1446(a), attached as Exhibits A, B, and C, are true and correct copies of the Complaint, Summons, and Proof of Service of Summons. (*See* Ex. A, Compl.; Ex. B, Summons; Ex. C, Proof of Service of Summons). RevTrak has also attached a copy of all other process, pleadings, and orders filed in the State Action as Exhibit D.

3. The Complaint asserts four causes of action: (1) Violation of Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44 subd. 1a (Count I); (2) Violation of Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44 subd. 1 (Count II); (3) Violation of Minnesota's Consumer Fraud Act, Minn. Stat. § 325F.69 (Count III); and (4) Violation of Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 (Count IV). (Ex. A, Compl. ¶¶ 113-171).

4. Plaintiff seeks to certify a nationwide class and asserts Counts I through III on behalf of herself and the nationwide class. (*Id.* ¶¶ 106, 113, 160).

5. On behalf of herself and the putative class, Plaintiff seeks actual damages, injunctive relief, and costs of litigation and attorneys' fees. (*Id.*, at 38).

6. RevTrak denies the allegations in the Complaint, which are factually and legally baseless. The sole issue presented here is whether removal is proper due to the original jurisdiction of this Court under CAFA. Removal is proper for the reasons set forth herein.

7. The State Action is removable to this Court because the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d), all procedural requirements for removal are satisfied, and because the United States District Court for the Central District of Illinois is the federal judicial district embracing the Circuit Court of Morgan County, Illinois, 28 U.S.C. § 93(b).

## TIMELINESS OF REMOVAL

8. Plaintiff served RevTrak with the Summons and Complaint on January 26, 2026. (Ex. C, Proof of Service of Summons).

9. Therefore, this Notice of Removal, filed on February 25, 2026, is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## VENUE

10. This action was originally filed in the Circuit Court of Morgan County, Illinois. As such, it may be removed to the United States District Court for the Central District of Illinois as it is the district embracing the place where the State Action is pending. *See* 28 U.S.C. §§ 93(b), 1441(a). It may be removed to the Springfield Division under Civil Local Rule 40.1(B).

## ORIGINAL JURISDICTION UNDER CAFA

11. This Court has original jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Under CAFA, federal courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

12. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal,'" the same liberal pleading standard under Federal Rule of Civil Procedure 8(a), which requires only plausible allegations as to the basis for removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).

13. Plaintiff's Complaint falls within this grant of jurisdiction because (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and members of the putative class have different citizenship than RevTrak; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.

14. Accordingly, this case is properly removable pursuant to 28 U.S.C. § 1332(d).

### A. The State Action is a "Class Action" Under CAFA.

15. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B).

16. In the Complaint, Plaintiff styles the State Action as a "Class Action." Plaintiff specifically alleges that she brings the State Action "on behalf of other similarly situated individuals." (Ex. A, Compl., at 1). Plaintiff brings her class action claim pursuant to 735 Ill. Comp. Stat. 5/2-801, *id.* ¶ 106, which, similar to Federal Rule of Civil Procedure 23, permits a class action if:

> (1) The class is so numerous that joinder of all members is impracticable. (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. (3) The representative parties will fairly and adequately protect the interest of the class. (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 Ill. Comp. Stat. 5/2-801.

17. As such, the State Action is a "class action" within the meaning of CAFA.

### B. The Putative Class Consist of More Than 100 Members.

18. Plaintiff seeks to represent a nationwide class of "[a]ll persons in the United States who had an account with Defendant and paid a Software Admin Fee to Defendant." (Ex. A, Compl. ¶ 106).

19. Plaintiff alleges in her Complaint that she believes the number of members in the putative class "comprise many thousands of members." (*Id.* ¶ 108). Therefore, the putative class as alleged in the Complaint exceeds 100 individuals.

20. Accordingly, CAFA's requirement of 100 or more proposed class members is met here.

**C. <u>The Putative Class Satisfies Minimal Diversity.</u>**

21. Under CAFA's minimal diversity requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C § 1332(d)(2)(A)).

22. As stated in the Complaint, Plaintiff is a citizen of the state of Illinois. (*See* Ex. A, Compl. ¶ 22).

23. RevTrak is incorporated in Minnesota, and its principal place of business is also in Minnesota. (*Id.* ¶ 23).

24. As such, minimal diversity over CAFA is satisfied because Plaintiff is diverse from RevTrak.

25. None of the mandatory or permissive exceptions in CAFA jurisdiction apply. Those exceptions apply only if (in relevant part) at least one defendant is a citizen of the state where the action was originally filed. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A)(i)(II)(cc). RevTrak is the only defendant named in the Complaint, and it is not a citizen of Illinois, the state where the action was originally filed. Moreover, the burden of proving these exceptions falls on the Plaintiff.

**D. <u>The Amount-in-Controversy Requirement is Satisfied.</u>**

26. Under CAFA's amount-in-controversy requirement, the Complaint "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *See Dart Cherokee*, 574 U.S. at 89. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations. *Id.* at 88.

27. While RevTrak disputes that Plaintiff or any putative class member is entitled to bring this action, vehemently denies liability, and contends that Plaintiff can ultimately recover nothing under the claims in the Complaint, Plaintiff's allegations and the relief sought determine the amount in controversy for purposes of removal. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.").

28. For purposes of determining the amount in controversy under CAFA, the claims of the putative class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). Here, Plaintiff seeks recovery on behalf of the putative class comprising "many thousands of members." (Ex. A, Compl. ¶ 108).

29. Plaintiff alleges that she and the nationwide class are entitled to recover, among other things, "the amounts of the Software Admin Fees they paid, as well as costs, disbursements, and reasonable attorneys' fees." (*Id.* ¶ 160). Plaintiff also alleges that she and the Illinois subclass are entitled to recover, in pertinent part, "actual economic damages (the return of the Software Admin Fees paid)" and "punitive damages." (*Id.* ¶ 171).

30. Plaintiff alleges that in her school district, the Software Admin Fee is charged as a $2 flat fee each time a parent pays a school-related fee or adds to their child's lunch account. (*Id.* ¶¶ 5, 51).

31. Throughout the past five years, over 2,500,000 credit card, debit card, and digital wallet transactions were processed through RevTrak's payment processing platform. (*See* Declaration of Jennifer Ireland, attached hereto as Ex. E, ¶ 3). The statute of limitations for Counts I through III of the Complaint is six years. *See* Minn. Stat. § 541.05 subd. 1(2).

32. Multiplying the $2 Software Admin Fee that Plaintiff alleges is charged per transaction by the over 2,500,000 transactions that RevTrak has processed over the last five years equals $5,000,000, which meets the minimum amount in controversy of $5 million. (*Id.*; *see also* Ex. A, Compl. ¶¶ 5, 51). This amount, moreover, does not include the other monetary and non-monetary relief Plaintiff seeks individually and on behalf of the putative class.

33. Accordingly, the State Action satisfies CAFA's amount-in-controversy requirement.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

34. Consistent with 28 U.S.C. § 1446, RevTrak submits this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a).

35. Further, 28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the state court action. As noted above, true and correct copies of these documents are listed below and attached hereto:

- Complaint (Ex. A)
- Summons to RevTrak (Ex B)

- Proof of Service of Summons and Complaint on RevTrak (Ex. C)
- All other process, pleadings, and orders filed in the State Action (Ex. D)

36. Pursuant to 28 U.S.C. § 1446(d), RevTrak is filing a copy of the Notice of Removal with the Clerk of the Circuit Court of Morgan County, Illinois, and is serving Plaintiff with the same.

37. RevTrak has complied with all applicable local rules for this Court regarding this Notice of Removal.

**NON-WAIVER OF DEFENSES**

38. By filing this Notice of Removal, RevTrak does not waive any defenses. Nor does it admit any of the allegations in Plaintiff's Complaint. RevTrak expressly reserves the right to contest those allegations at the appropriate time.

39. RevTrak also reserves the right to supplement this Notice, if challenged.

**CONCLUSION**

In sum, subject-matter jurisdiction exists under CAFA, 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Respectfully submitted this 25th day of February, 2026.

*By: /s/Matthew Binder*
Matthew D. Binder
Illinois Bar No. 6332459
**ALSTON & BIRD LLP**
227 W. Monroe Street, Suite 3900
Chicago, Illinois 60606
T: 312-702-8733
Email: Matt.Binder@alston.com

Alexandra Peurach
(Lead counsel, Admission Forthcoming)
David Carpenter
(Admission Forthcoming)
Kaylan Meaza

(Admission Forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7683
Email: alex.peurach@alston.com
david.carpenter@alston.com
kaylan.meaza@alston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed with the Clerk of United States District Court for the Central District of Illinois, Springfield Division, the foregoing **Notice of Removal and supporting documents** by using the Court's CM/ECF System. The undersigned further certifies that on February 25, 2026, a copy of the foregoing **Notice of Removal and supporting documents** were served via e-mail and U.S. mail on the following counsel:

Martin W. Jaszczuk
Margaret M. Schuchardt
**JASZCZUK P.C.**
311 South Wacker Drive, Suite 2150
Chicago, Illinois 60606
Te1: (312) 442-0509
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com

Matthew Peterson
**Consumer Law Advocate, PLLC**
230 E. Ohio St., Suite 410
Chicago, IL 60611
Tel: (815) 999-9130
mtp@lawsforconsumers.com

*Attorneys for Plaintiff and the Class*

/s/ *Matthew D. Binder*